IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KATELYN HANKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | File No. |
| RANCHO RESTAURANT INC. and | ) | |
| JJEMMA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, KATELYN HANKS, by and through the undersigned counsel, and files this, his Complaint against Defendants, RANCHO RESTAURANT INC. and JJEMMA, LLC, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").  In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' RANCHO RESTAURANT INC. and JJEMMA, LLC, failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.      Plaintiff, KATELYN HANKS (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Dallas, Texas (Dallas County).

3.      Plaintiff is disabled as defined by the ADA.

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in

1

performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA. Her motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7.      Defendant, RANCHO RESTAURANT INC. (hereinafter "RANCHO RESTAURANT INC."), is a Texas company that transacts business in the State of Texas and within this judicial district.

8.      Defendant, RANCHO RESTAURANT INC., may be properly served with process via its registered agent for service, to wit:  Ranulfo Martinez, Registered Agent, 1210 E. Irving Blvd., Irving, TX  75060.

9.      Defendant, JJEMMA, LLC (hereinafter "JJEMMA, LLC"), is a Texas limited liability company that transacts business in the State of Texas and within this judicial district.

10.     Defendant, JJEMMA, LLC, may be properly served with process via its registered agent for service, to wit: Greg Coghlan, Registered Agent, 1502 E. Irving Blvd., Irving, TX 75060.

## FACTUAL ALLEGATIONS

11.     On or about March 8, 2019 Plaintiff was a customer at "Rancho Restaurant," a business located at 1210 E. Irving Blvd., Irving, TX 75060, referenced herein as the "Rancho Restaurant."  Please see attached a receipt documenting her status as a customer on March 8, 2019, attached as Exhibit 1.  Please also see a photograph of Plaintiff at the Rancho Restaurant on March 8, 2019 attached as Exhibit 2.

12.     Again, on January 26, 2020, Plaintiff was a return customer at Rancho Restaurant. Please see attached a receipt documenting her status as a customer on January 26, 2020, attached as Exhibit 3.  Please also see a photograph of Plaintiff at the Rancho Restaurant on January 26, 2020 attached as Exhibit 4.

13.     Rancho Restaurant is operated by Defendant, RANCHO RESTAURANT INC.

14.     RANCHO RESTAURANT INC. is the lessee or sub-lessee of the real property and improvements that are the subject of this action and operates Rancho Restaurant.

15.     JJEMMA, LLC is the owner or co-owner of the real property and improvements that Rancho Restaurant is situated upon and that is the subject of this action, referenced herein as the "Property."

16.     Plaintiff lives approximately 19 miles from Rancho Restaurant and the Property.

17.     Plaintiff's access to the business(es) located at 1210 E. Irving Blvd., Irving, TX 75060, Dallas County Property Appraiser's parcel number 32098500020010000 (the "Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of her disabilities, and she will be denied and/or limited in the future unless and until Defendants, RANCHO RESTAURANT INC. and JJEMMA, LLC, are compelled to remove the

physical barriers to access and correct the ADA violations that exist at Tio Carlos and the Property, including those set forth in this Complaint.

18.     Plaintiff has visited Rancho Restaurant and the Property twice before as a customer and advocate for the disabled. Plaintiff intends on revisiting Rancho Restaurant and the Property within six months after the barriers to access detailed in this Complaint are removed and Rancho Restaurant and the Property are accessible again. The purpose of the revisit is to be a return customer, to determine if and when Rancho Restaurant and the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

19.     Plaintiff intends on revisiting Rancho Restaurant and the Property to purchase food and/or services as a return customer as well as for Advocacy Purposes, but does not intend to re-expose herself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

20.     Plaintiff travelled to Rancho Restaurant and the Property as a return customer and as an independent advocate for the disabled twice before, encountered barriers to access at Rancho Restaurant and the Property, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at Rancho Restaurant and the Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

21.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.*

22.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

4

(ii)     historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)     discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)     individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

23.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)     provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

(iv)     invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

24.     The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

25.      The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

26.      Rancho Restaurant is a public accommodation and service establishment.

27.      The Property is a public accommodation and service establishment.

28.      Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

29.      Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

30.      Rancho Restaurant must be, but is not, in compliance with the ADA and ADAAG.

31.      The Property must be, but is not, in compliance with the ADA and ADAAG.

32.       Plaintiff has attempted to, and has to the extent possible, accessed Rancho Restaurant and the Property in her capacity as a return customer of Rancho Restaurant and the Property and as an independent advocate for the disabled, but could not fully do so because of her disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Rancho Restaurant and the Property that preclude and/or limit her access Rancho Restaurant and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

33.      Plaintiff intends to visit Rancho Restaurant and the Property again in the very

near future as a return customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Rancho Restaurant and the Property, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Rancho Restaurant and the Property that preclude and/or limit her access to Rancho Restaurant and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

34.     Defendants, RANCHO RESTAURANT INC. and JJEMMA, LLC, have discriminated against Plaintiff (and others with disabilities) by denying her access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Rancho Restaurant and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

35.     Defendants, RANCHO RESTAURANT INC. and JJEMMA, LLC, will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, RANCHO RESTAURANT INC. and JJEMMA, LLC, are compelled to remove all physical barriers that exist at the Rancho Restaurant and the Property, including those specifically set forth herein, and make Rancho Restaurant and the Property accessible to and usable by Plaintiff and other persons with disabilities.

36.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to Rancho Restaurant and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Rancho Restaurant and the

Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i)     There are two accessible parking spaces that are missing proper identification signs in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(ii)    The access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iii)   The accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards. This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(iv)    There is an excessive vertical rise along the accessible ramp in violation of Sections 303.2 and 405.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

(v)     The accessible ramp side flares have a slope in excess of 1:10 in violation of Section 406.3 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(vi)    The access aisle to the accessible parking space is not level due to the presence of a curb with a power pole in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(vii)   The accessible route leading from the accessible parking spaces to the accessible entrance has accessible routes with clear widths below the minimum 36 (thirty-six) inch requirement as required by Section 403.5.1 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(viii)   The Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of Section 206.2.2 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access public features of the Property.

(ix)   There is a doorway threshold with a vertical rise in excess of ½ (one half) inch and does not contain a bevel with a maximum slope of 1:2 in violation of Section 404.2.5 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the interior of the Property.

(x)   The to-go/take-out counter lacking any portion of the counter that has a maximum height of 36 (thirty-six) inches from the finished floor in violation of Section 904.4 of the 2010 ADAAG standards, all portions of the to-go/take-out counter exceed 36 (thirty-six) inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at the Property.

(xi)   The bar is lacking any portion of the counter that has a maximum height of 34 (thirty-four) inches from the finished floor in violation of Section 902.3 of the 2010 ADAAG standards, all portions of the bar exceed 34 (thirty-four) inches in height from the finished floor. This violation made it difficult for Plaintiff to enjoy the unique eating experience at the bar.

(xii)    The door to the restroom area lacks proper door hardware in violation of Section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(xiii)    The door exiting the restroom area lacks a proper minimum maneuvering clearance, due to a policy of placing highchairs in close proximity of the door hardware, in violation of Section 404.2.4 of the 2010 ADAAG standards.  This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(xiv)    Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

RESTROOMS

(i)    The restrooms lack proper door hardware in violation of Section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(ii)    The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(iii)    The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of Section 606.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iv)    Restrooms have a pedestal sink with inadequate knee and toe clearance in violation of Section 306 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

10

(v)     Hand drying devices in the restrooms are located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vi)    The light switch in the restroom is located outside the prescribed vertical reach ranges set forth in Section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

37.     The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Rancho Restaurant and the Property.

38.     Plaintiff requires an inspection of Rancho Restaurant and the Property in order to determine all of the discriminatory conditions present at Rancho Restaurant and the Property in violation of the ADA.

39.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

40.      All of the violations alleged herein are readily achievable to modify to bring Rancho Restaurant and the Property into compliance with the ADA.

41.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Rancho Restaurant and the Property are readily achievable because the nature and cost of the modifications are relatively low.

42.     Upon information and good faith belief, the removal of the physical barriers and

11

dangerous conditions present at Rancho Restaurant and the Property are readily achievable because Defendants, RANCHO RESTAURANT INC. and JJEMMA, LLC, have the financial resources to make the necessary modifications as the real property is valued by the Dallas County property appraiser at $302,000.00 plus the IRS provides tax credits of up to $5,000.00 and tax deductions of up to $12,000.00 for businesses spending money on accessibility modifications.

43.     Upon information and good faith belief, Rancho Restaurant and the Property have been altered since 2010.

44.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

45.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants, RANCHO RESTAURANT INC. and JJEMMA, LLC, are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Rancho Restaurant and the Property, including those alleged herein.

46.     Plaintiff's requested relief serves the public interest.

47.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, RANCHO RESTAURANT INC. and JJEMMA, LLC.

48.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, RANCHO RESTAURANT INC. and JJEMMA, LLC, pursuant to 42 U.S.C. §§ 12188 and 12205.

49.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant

injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, RANCHO RESTAURANT INC. and JJEMMA, LLC, to modify Rancho Restaurant and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)    That the Court find Defendant, RANCHO RESTAURANT INC., in violation of the ADA and ADAAG;

(b)    That the Court find Defendant, JJEMMA, LLC, in violation of the ADA and ADAAG

(c)    That the Court issue a permanent injunction enjoining Defendants, RANCHO RESTAURANT INC. and JJEMMA, LLC, from continuing their discriminatory practices;

(d)    That the Court issue an Order requiring Defendants, RANCHO RESTAURANT INC. and JJEMMA, LLC, to (i) remove the physical barriers to access and (ii) alter Rancho Restaurant and the Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e)    That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(f)    That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: March 11, 2020.                          Respectfully submitted,

                                                THE SCHAPIRO LAW GROUP, P.L.

                                                /s/  Douglas S. Schapiro
                                                Douglas S. Schapiro, Esq.
                                                *Attorney-in-Charge for Plaintiff*
                                                Northern District of Texas ID No. 54538FL

The Schapiro Law Group, P.L.
7301-A W. Palmetto Park Rd., Suite 100A
Boca Raton, FL 33433
Tel: (561) 807-7388
Email: schapiro@schapirolawgroup.com

Law Offices of
LIPPE & ASSOCIATES

Emil Lippe, Jr., Esq.
State Bar No. 12398300
Lippe & Associates
12222 Merit Drive, Suite 1200
Dallas, TX 75251
Tel: (214) 855-1850
Fax: (214) 720-6074
emil@texaslaw.com

ATTORNEYS FOR PLAINTIFF
KATELYN HANKS